

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50099 | **DATE** | 10/17/2003 |
| **CASE TITLE** | | Hicks vs. Meyers | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion for summary judgment.

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse memorandum opinion and order, the court grants defendant's motion for summary judgment [#27] as to both counts of the second amended complaint and dismisses this cause in its entirety.

(11) ■   [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | OCT 17 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | | 10-17-03 | |
| | | | date mailed notice | |
| | /LC courtroom deputy's initials | | pw mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, Edward Hicks, Jr., a former inmate at the Winnebago County Jail, filed a two-count, second amended complaint, alleging in Count I a denial of his First Amendment right to free exercise of religion and in Count II a denial of his Fourteenth Amendment right to equal protection. Both claims are premised upon plaintiff's assertion that he, who is a Muslim, was denied the opportunity to attend a prayer service known as Jumah for most of the time he was incarcerated at the jail. Essential to this allegation is plaintiff's assertion that defendant failed to take adequate action to recruit volunteers from the Muslim community necessary to conduct the Jumah service. Defendant, the Sheriff of Winnebago County, has moved for summary judgment on both claims.

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Windle v. City of Marion, 321 F. 3d 658, 660 (7th Cir. 2003).

A prisoner's First Amendment right to the free exercise of religion must be balanced against the legitimate penological objectives of the corrections officials. Young v. Lane, 922 F. 2d 370, 374 (7th Cir. 1991). The striking of this balance is guided by the Supreme Court's directive that prison regulations and policy decisions are valid so long as they are reasonably related to legitimate penological interests. Young, 922 F. 2d at 374, citing Turner v. Safely, 482 U.S. 78, 89 (1987). There are four factors that are relevant in determining whether the reasonableness test has been satisfied: (1) whether the governmental objective underlying the regulation at issue is legitimate and neutral and the regulation is rationally related to that objective; (2) whether there are alternative means of exercising the right that remain open to inmates; (3) what is the impact accomodation of the right will have on corrections officers and other inmates and on the allocation of prison resources generally, and (4) whether there are obvious, easy alternatives to the regulation that demonstrate its unreasonableness. Young, 922 F. 2d at 374-75. This standard is not demanding, but rather, is less restrictive than the test ordinarily applied to the alleged infringement of a fundamental right and is driven by a wide-ranging deference to prison officials. Young, 922 F. 2d at 375.

In the present case, the regulation or policy challenged by plaintiff creates a volunteer chaplain who, in turn, relies on religious volunteers to lead worship or prayer services such as Jumah. Plaintiff does not contend that there is anything inherently unconstitutional about the volunteer approach. Rather, he complains that the program violates his free exercise rights because it does not generate a sufficient number of Muslim volunteers to lead Jumah.

Plaintiff's claim fails as a matter of law because he has not shown that the deficiency in volunteers was in any way within the control of defendant. The undisputed evidence shows that a Muslim organization in the community was aware of the need for volunteers yet only one volunteer stepped forward and this was on a somewhat sporadic and short-term basis. Absent some fault on the part of defendant for the refusal of Muslims in the community to volunteer to lead Jumah, see Johnson-Bey v. Lane, 863 F. 2d 1308, 1311 (7th Cir. 1988), plaintiff cannot succeed on his First Amendment claim. While plaintiff suggests that more should have been done to solicit volunteers, volunteers by their nature submit of their own free will. In other words, once the Muslim community was made aware of the need at the jail, then whether anyone volunteered was out of the control of defendant.

Even if plaintiff could show that defendant refused to make potential volunteers aware of the need or interfered with the process of doing so, the lack of Jumah services on numerous occasions did not deprive plaintiff of his constitutional right to practice his religion absent a showing that he was denied the opportunity to participate in other religious observances of his faith. See O'Lone v. Shabazz, 482 U.S 342, 351 (1987). Plaintiff has failed to show that he was denied other opportunities to practice his religion such as appropriate diet, fasting, prayer, and access to the Quran. See Al-Alamin v. Gramley, 926 F. 2d 680, 688-89 (7th Cir. 1991) (sporadic Jumah services not alone constitutionally deficient). Because plaintiff has failed to submit any evidence from which a reasonable inference can be drawn that he was denied his First Amendment right to practice his religion, defendant is entitled to summary judgment on that claim.

Turning to plaintiff's equal protection claim, plaintiff maintains there is an unconstitutional disparity between the number of Christian volunteers as opposed to Muslim volunteers. In doing so, plaintiff concedes that there is nothing constitutionally infirm about the jail chaplain being Christian rather than Muslim.

In the context of an equal protection claim based on religion, the Fourteenth Amendment is supplanted by the Free Exercise Clause of the First Amendment except as to a claim of arbitrariness unrelated to the character of the activity allegedly discriminated against. Reed v. Faulkner, 842 F. 2d 960, 962 (7th Cir. 1988). Here, once again, plaintiff's claim fails because he has not shown any arbitrary acts or omissions on the part of defendant that resulted in a lack of volunteers to lead Jumah.. The fact that there were adequate numbers of Christian volunteers merely reflects the apparently greater number of Christians in the community or the possibly higher level of interest in volunteering at the jail. It is also not constitutionally suspect that the chaplain may have put more effort into recruiting Christian volunteers. This is especially so considering that the Muslim organization in the community was aware of the need for Jumah volunteers. There is simply no evidence here to support an inference of arbitrariness on the part of defendant regarding the volunteer program. Thus, defendant is entitled to summary judgment on Count II as well.

For the foregoing reasons, the court grants defendant's motion for summary judgment as to both claims in the second amended complaint and dismisses this cause in its entirety.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Edward Maurice Hicks, Jr.      **JUDGMENT IN A CIVIL CASE**

v.      Case Number: 01 C 50099

Richard Meyers, et al.

☐    Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■    Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the court grants defendant's motion for summary judgment [#27] as to both counts of the second amended complaint and dismisses this cause in its entirety.

Michael W. Dobbins, Clerk of Court

Date: 10/17/2003

Susan M. Wessman, Deputy Clerk